COURT OF COMMON PLEAS
FOR THE STATE OF DELAWARE
WILMINGTON, DELAWARE 19801

**JOHN K. WELCH**
JUDGE

August 19, 2019

Regine Walley
100 Highland Blvd Apt C
New Castle, DE 19720
*Defendant Below/Appellant*

David C. Zerbato, Esquire
Greenville Professional Center
3704 Kennett Pike, Suite 200
Greenville, DE 19807
*Attorney for Plaintiff Below/Appellee*

RE:     *Regine Walley, Lynette Walley v. Compton Park Preservation Associates, LLC*
        **CPU4-19-001659**

## OPINION AND ORDER

1. The instant matter is a landlord-tenant action on appeal from the Justice of the Peace Court (hereinafter "JP Court"). On May 22, 2013, Compton Park Preservation Associates, LLC (hereinafter "Appellee") filed an action against Regine Walley (hereinafter "Regine") and Lynette Walley in the JP Court for rent and possession. On June 28, 2013, the JP Court entered default judgment against Regine Walley in favor of Plaintiff for failure to appear for trial.

2. On March 22, 2019, Regine filed a motion to vacate the default judgment in the JP Court. On April 15, 2019, the JP Court held a hearing on the motion and issued an order denying the motion to vacate the default judgment. On April 29, 2019, Regine filed appeal in this Court from the JP Court Order denying the motion to vacate. On June 21, 2019, Appellee submitted a letter to the Court requesting a hearing on the appeal.

3. On August 9, 2019, a hearing on the appeal was held and both parties presented oral arguments. At the hearing, Appellee asserted Regine signed an annual recertification as a tenant on April 1, 2013. Regine, however, stated she knew nothing of the judgment until she applied to rent an apartment. Further, Regine argued she did in fact sign a document when she turned eighteen (18); however, she was not responsible for rent.

4. Appeals on the record are subject to the procedural requirements of the Court of Common Pleas Civil Rule 72.1(g), which provides: [a]ppeals shall be heard and determined by the Court of Common Pleas from the record of proceedings below, except as may be otherwise expressly provided by statute.[1] The Clerk of the Court shall give all parties written notice of the date of the filing of the record of the proceedings below.[2] The appellant's brief shall be served and filed 20 days after the date of said filing of such record as provided in Rule 72.1(e).[3] The appellee's answering brief shall be served and filed 20 days thereafter.[4] The appellant shall serve and file the reply brief, if any, not later than 10 days thereafter.[5]

5. Further, pursuant to Court of Common Pleas Civil Rule 60(b)(1), "the Court may relieve a party...from a final judgment, order or proceeding for...(1) Mistake, inadvertence, surprise, or excusable neglect." To succeed on a motion under Rule 60(b), the moving party must establish three elements: "(1) excusable neglect in the conduct that allowed the default judgment to be taken; (2) a meritorious defense to the action that would allow a different outcome to the litigation if the matter was heard on its merits; and (3) a showing that substantial prejudice will not be suffered by

---

[1] Court of Common Pleas Civil Rule 72.1(g).
[2] Id.
[3] Id.
[4] Id.
[5] Id.

2

the plaintiff if the motion is granted."[6] Moreover, a motion to vacate a default judgement pursuant to Rule 60(b) is "addressed to the sound discretion of the Court."[7] "The reviewing court does not consider whether it would have reach a different conclusion."[8] Instead, the reviewing court must question whether the JP Court's decision "[was] the product of logic, based upon the facts and reasonable deduction to be drawn therefrom."[9]

6. Here, Regine failed to file and serve a brief within 20 days as required under Rule 72.1(g). However, even if this Court were to allow Regine to file a brief, she would not meet the three requirements set out under Rule 60(b), as no meritorious defense to the action would allow for a different outcome if the matter was heard on its merits.

7. The court below found that Regine was in fact a tenant and notice was perfected. Further, they found Regine was unable to show how the result would be different. The JP Court reasoned that "the motion to vacate the default judgment was not filed until almost six years after the default judgment was entered. The Court summons was sent certificate of mailing separately to each Defendant on June 28, 2013. The summons was not returned to the Court. In addition, the Court Constable the summons on Defendants' rental unit door on June 4, 2013. Defendant Regine Walley admits the rental unit was her permanent residence at the time. Therefore, Defendant's motion was untimely. In addition, Defendant Regine Walley signed the annual recertification on April 1, 2013 as a tenant."

8. Thus, the JP Court's decision to deny Regine's Motion to Vacate the Default Judgment must be affirmed as a matter of law. Aside from Regine's failure to comply with Rule 72.1(g),

---

[6] *Verizon Delaware, Inc. v. Baldwin Line Constr. Co.*, 2004 WL 838610, at *1 (Del. Super.)
[7] *Id.*
[8] *Haggerty v. River Terrace Cooperative Inc.*, 2013 WL 12201284, at *2 (Del. Com. Pl. May 6, 2013).
[9] *Hurd v. Smith*, 2009 WL 1610516, at *1 (Del. Com. Pl. June 10, 2009).

3

this Court does not find that the JP Court abused its discretion is denying Regine's Motion to Vacate.

**IT IS SO ORDERED** this 19th day of August, 2019.

_____
John K. Welch
Judge

cc:     Ms. Patricia Thomas, Civil Clerk

4